THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM S. MEYER, Defendant-Appellant.

Fifth District   No. 79-194

Opinion filed September 17, 1980.

Terryl W. Francis, of Granite City, for appellant.

Nicholas G. Byron, State's Attorney, of Alton (Donald L. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

The defendant, William S. Meyer, appeals from the judgment of the Circuit Court of Madison County. Meyer was found guilty of unlawfully operating a snowmobile on State Highway 140 in violation of section 5—6 of the Snowmobile Registration and Safety Act (Ill. Rev. Stat. 1979, ch. 95½, par. 605—2) (hereinafter cited as the Act). The defendant contends his conviction should be reversed because the statute under which he was convicted is unconstitutional.

The facts in this case are undisputed. The defendant lives in Hamel, Illinois, approximately three-fourths of a mile east of the State Highway 140 bridge that spans Interstate 55. Interstate 55 runs through Hamel and divides the community in half.

On January 8, 1979, Meyer was on his way to collect a business debt. In order to collect the debt it was necessary to travel to the portion of Hamel west of Interstate 55. While Meyer could have taken his car, he chose to use his snowmobile. Upon reaching Interstate 55 Meyer turned onto State Highway 140 and used the bridge to cross the highway.

At the time when Meyer was crossing the bridge he was spotted by State Trooper Wilmont Striegel who was on routine patrol. Officer Striegel arrested Meyer for violating section 5—2(C) of the Act. That

section provides that "It is unlawful for any person to drive or operate any snowmobile on a highway in this State except as follows: * * * C. On highways other than State highways, tollways, interstate highways and limited-access highways snowmobiles may be operated on roadways when it is necessary to cross a bridge or culvert or when it is impracticable to gain immediate access to an area adjacent to a highway where a snowmobile is to be operated." Ill. Rev. Stat. 1979, ch. 95½, par. 605—2(C).

The defendant maintains that the Act violates the commerce clause (U.S. Const., art. I, §8). In the alternative, the defendant argues that the Act is an unfair burden on intrastate commerce in violation of the fourteenth amendment's due process clause.

Even though the defendant has two separate contentions, the applicable test for each is the same. This was established by the United States Supreme Court in *South Carolina State Highway Department v. Barnwell Brothers* (1938), 303 U.S. 177, 189-90, 82 L. Ed. 734, 741-42, 58 S. Ct. 510, 516-17, where the court said, "Congress, in the exercise of its plenary power to regulate interstate commerce, may determine whether the burdens imposed on it by state regulation, otherwise permissible, are too great, and may, by legislation designed to secure uniformity or in other respects to protect the national interest in commerce, curtail to some extent the state's regulatory power. * * * In the absence of such legislation the judicial function, under the commerce clause as well as the Fourteenth Amendment, stops with the inquiry whether the state legislature in adopting regulations such as the present has acted within its province, and whether the means of regulation chosen are reasonably adapted to the end sought."

While the defendant contends that there is Federal legislation (23 U.S.C.A. §109 (1980 Supp.)) which controls this case, the standards cited relate only to the construction of Federal highways. The fact that Federal agencies cannot plan highways that will obstruct nonmotor and light motor traffic has no bearing on the ability of Illinois to regulate snowmobiles and their use on Illinois State highways. The defendant's argument gives unwarranted significance to the fact that State Highway 140 crosses Interstate 55. For purposes of this appeal, that fact is irrelevant. Interstate 55 does not obstruct any traffic; it is only the Act which prohibits a snowmobile from using the bridge on State Highway 140. Thus, it is now appropriate to discuss whether the Act meets the constitutional standards set out in *Barnwell*.

The first inquiry is whether the Act is within the power of the Illinois Legislature to enact. Even the authority relied on by the defendant supports a finding that the Act is a proper exercise of legislative power. The United States Supreme Court has recognized that regulation of

highways is peculiarly within the power of the State, especially where the regulation is a safety measure. *Bibb v. Navajo Freight Lines, Inc.* (1959), 359 U.S. 520, 523, 3 L. Ed. 2d 1003, 1006, 79 S. Ct. 962, 964.

The second inquiry is whether the means of regulation chosen are reasonably adapted to the end sought. In this case there can be no doubt that the end sought is to promote safety. The Act's declaration of intent (Ill. Rev. Stat. 1979, ch. 95½, par. 601—1) provides that, "It is the policy of this State to promote safety for persons and property in and connected with the use, operation and equipment of snowmobiles and to promote uniformity of laws relating thereto." The State points out that the separate classification of snowmobiles is justified because of their smaller size and weight when compared to automobiles. Inasmuch as the legislature's decision to limit snowmobile use of State highways, including bridges, can be justified on the basis of size and weight differences it appears that the Act is reasonably adapted to promote safety.

The Act, while generally prohibiting a snowmobile's use of the busiest roadways, allows certain exceptions where a snowmobile is likely to encounter fewer traffic hazards. Therefore, there is a reasonable relationship between the Act's limitation on snowmobile access to State highways and the safety of persons and property connected with the use of snowmobiles.

One final point that should be noted is that the defendant admitted that he could have used his own car to travel to Hamel. The decision of the legislature to require Meyer to use his car on State Highway 140 did not impose an unreasonable burden on his activity, regardless of whether it is considered interstate or intrastate commerce.

The Act, being a rational means to achieve safety on the roadways of Illinois between snowmobiles and other vehicles, is constitutionally sound. For the reasons mentioned in this opinion, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and SPOMER, J., concur.